## Kelly v. Kelly.

*Justice of the peace — Adjournment of case without day — Judgment in absence of parties.*

Where a justice of the peace hears a case, but reserves his decision and enters judgment on a subsequent day against defendant without notice to him, such judgment will be reversed on *certiorari*.

*Certiorari* to justice of the peace. C. P. Wayne Co., June T., 1922, No. 255.

*Mumford & Mumford*, for plaintiff; *A. G. Rutherford*, for defendant.

SEARLE, P. J., Nov. 16, 1922.—Two exceptions have been filed to the record in this case, to wit:

"1. The record of the justice of the peace shows that on the day of trial, to wit, Sept. 13, 1922, after hearing the evidence, he reserved his decision until a later date and he entered judgment without first notifying the parties to the suit.

"2. The record of the justice of the peace does not affirmatively show that prior to entering judgment in favor of the plaintiff and against the defendant, that notice of his intention to enter judgment was given to the plaintiff and defendant."

From our examination of the record we find that these exceptions are clearly correct as a matter of fact.

The legal effect of the finding of this fact is clear that where a case is adjourned without day, the justice of the peace cannot enter judgment without notice to the parties. This is too well settled for controversy. We only need cite the case of Leslie *v.* Innes, 3 Dist. R. 689, and cases therein cited; also, Fessler *v.* Sharpe, 7 Dist. R. 652, 21 Pa. C. C. Reps. 320; Hoffner *v.* Kottka, 2 Pears. 360.

In the case of Leslie *v.* Innes, above referred to, Judge Bell says, "The custom or practice of reserving judgment without day is productive of uncertainty, litigation and injustice," and we have no doubt of our duty in this case. No authority has been cited to us holding a contrary view, and we have found none.

Now, to wit, Nov. 16, 1922, judgment of the justice is reversed and proceedings set aside.        From A. G. Rutherford, Honesdale, Pa.